Bartley, C. J.
1. That the statute of this state for the collection, of claims against steamboats and other water-crafts, and authorizing ^proceedings against the same by name, together with its amendatory act, is simply remedial in its nature, being designed, to afford a convenient and speedy remedy against the property of the persons liable, and to provide some means of safety in the collection of the claims by fixing the liability of the property.
2. That the property of one person can not be subjected to the payment of the debt of another without invading the right of private property, which the constitution declares “ shall over be held inviolate ; ” and whatever may be the competency of the legislative imwer to create such a liability by way of forfeiture, penalty, or confiscation, upon the ground of public policy, it can not be done by mere implication; and in the absence of any provision expressly declaring the public duty exacted and providing for such liability, a statute providing for the collection of claims by a summary proceeding against property by its seizure or attachment, must be construed as simply providing a remedy for the enforcement of liabilities, and not as creating now liabilities upon the owners of the property, not arising at common law.
3. That a steamboat is not liable to seizure under the water-craft law of this state for a willful assault and battery committed by the engineer of the boat on a passenger, while the boat was on its passage on the Ohio river beyond ths territorial limits of the state, with which trespass the owners of the boat were in nowise connected.
4. 'Although the legislature may provide remedies within this state for the collection of claims or enforcement of personal liabilities arising out of the state, it is not within the competency of tbe legislative power, upon grounds of public policy, to create personal liabilities and impose them on persons and property out of the jurisdiction of Ohio, and on account of transactions occurring beyond the territorial limits of the state.
This construction of the statute, in the opinion of a majority of the court, does not overrule a single reported adjudication *in the Ohio Reports, although it settles a rule upon principle, heretofore rendered uncertain by the inconsistent dicta in the reported, opinions. The opinion of Judge Hitchcock in the case of the' *478 ■Steamboat Champion, 16 Ohio, 91, to the contrary, is merely obiter, .and substantially reversed by himself, after further consideration, in his dissenting opinion in the case of the Brig Andes, 18 Ohio, 206.
Judgment of the district court reversed, and cause remanded.
Bowen and Soots, JJ., concurred.
Swan, J.,
being of the opinion that it has heretofore been settled by the decision of this court that the statute, in order to exact from ■owners of water-craft the ajjpointment of proper agents, has made the craft liable for willful injuries by force committed by officers of .the craft upon the hands, dissented.
Brinkerhoee, J., was absent in the district courts when this ease ■was considered and decided.